1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Plummer, | No. cv-08-1630-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| State Bar of Arizona, et al., | |
| Defendants. | |

Pending before the Court is a Motion to Dismiss for Lack of Jurisdiction (Doc. 19) by Defendants Arizona Supreme Court, Superior Court of Arizona in Maricopa County, Hon. Michael Jones, Arizona Court of Appeals, Hon. Sheldon Weisberg, Hon. Christopher Skelly, Hon. Jeffrey Coker, Hon. Daisy Flores, and the Disciplinary Commission of the State of Arizona (hereinafter the "Judicial Defendants"). For the reasons stated herein, Defendants' Motion will be granted in part and Plaintiff's case for injunctive relief against them dismissed for lack of jurisdiction.

BACKGROUND

Plaintiff, at all the relevant times an attorney admitted to the practice of law in Arizona, represented Robert Cowart in a civil case before the Superior Court of Arizona in Maricopa County. That case involved a claim against Cowart's landlord, Robert Pazderka,

which alleged that Cowart had suffered injury from mold in the leased premises.[1] Discovery was apparently contentious, leading the Court to order Cowart to complete or correct discovery in January 2006. Three months later, Pazderka moved for dismissal and attorneys' fees and costs for discovery violations. A special master reviewed the case and recommended that dismissal be granted and that Cowart and Plummer be held jointly responsible for paying some of Pazderka's attorneys' fees.

After Cowart objected to these findings, and after a hearing on his objections, the court adopted the special master's findings, dismissing the case. Plaintiff attempted to file an appeal, but his opening brief was rejected because he failed to file a timely notice of appeal.

Subsequently, Plaintiff was suspended and disciplined by the Arizona State Bar, at least in part because of his actions in connection with his representation of Cowart.

Plaintiff now brings suit against the various state court entities and individuals involved in the case against him, as well as against the State Bar of Arizona and several of its employees seeking injunctive and declaratory relief to have the judgments against him overturned. Plaintiff alleges that Defendants violated the Americans with Disabilities Act ("ADA") for failing to accommodate his disabilities, including Attention Deficit Disorder and Executive Function Disorder, as well as sleep apnea and health problems caused by a car accident in June of 2006. He also alleges Defendants violated his due process and equal protection rights.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) allows a party to assert the defense of lack of subject matter jurisdiction by motion. When deciding such a motion, "it is well-settled that the complaint will be construed broadly and liberally, in conformity with the general principle set forth in Rule 8(f)." C. A. Wright, et al., Federal Practice and Procedure § 1350 (2004). However,

---

[1] This summary of the proceedings is largely taken from the unreported Arizona state court decision on the matter, Cowart v. Pazderka, 2008 WL 2154799 (Ariz. Ct. App. 2008).

1 "once a factual attack is made on the federal court's subject matter jurisdiction, the district judge is not obliged to accept the plaintiff's allegations as true and may examine the evidence to the contrary and reach his or her own conclusions on the matter." Id. See also, Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987).

## ANALYSIS

The Rooker-Feldman doctrine states that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-1006 (1994). The doctrine is "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of these judgments." Exxon Mobil Corp. v. Saudi Basic Industries, 544 U.S. 280, 284 (2005). Accordingly, where a state court decision merely precludes a federal decision it should simply be given preclusive effect; it is not proper to deny jurisdiction based on the Rooker-Feldman doctrine.

In determining whether Rooker-Feldman applies, the Ninth Circuit has stated that courts "must pay close attention to the *relief* sought by the federal-court plaintiff." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003) (quoting Kenman Eng'g v. City of Union, 314 F.3d 468, 476 (10th Cir. 2002). Where "the only redress [*Plaintiff* seeks is] an undoing of the prior state-court judgment – a particularized challenge to an adjudication against him in state court [is] clearly barred under Rooker-Feldman." Id. at 900 (internal citations and quotations omitted).

This case appears at first blush to fall within the very core of Rooker-Feldman. Plaintiff brings suit against a number of state judicial defendants seeking only the invalidation of the judicial decisions of the state courts in question. However, Plaintiff argues that (I) claims under the ADA are exempt from Rooker-Feldman, (ii) the state judgment was not final at the time he filed his complaint, and (iii) he did not have an

1 opportunity to argue his federal claims in the state proceedings. None of these arguments has
2 merit.

### A. Rooker-Feldman and the ADA

Plaintiff cites to a paper published by the National Conference of Bar Examiners which discusses the application of Rooker-Feldman as a defense to ADA claims asserted against bar examiners. Plaintiff's citation to this article is puzzling as it notes that "[b]ar examiners may be able to rely upon the Rooker-Feldman doctrine to defeat subject matter jurisdiction in cases where a litigant seeks to challenge state bar licensing decisions in federal district court." Mew, C. et al., "ADA Update: The Status of Eleventh Amendment Immunity and the Rooker-Feldman Doctrine as Defenses to Claims Asserted Against Bar Examiners Under the ADA," The Bar Examiner, August 2007. The portions of the article discussed by Plaintiff are largely focused on Eleventh Amendment immunity rather than Rooker-Feldman. Those portions that do involve the Rooker-Feldman doctrine discuss the relationship of the Board of Bar Examiners to the state for the purposes of considering whether it is a judicial entity or whether the state court proceedings were final, as was at issue in Exxon Mobil Corp., *supra*, not whether ADA violations are somehow exempt from Rooker-Feldman. In fact, the article notes at least one case where the Rooker-Feldman doctrine was used to defeat a claim under the ADA brought in federal court. See, McCullough v. Ligon, Case No. 4:05-cv-00693, 2005 U.S. Dist. Lexis 39672 (E.D. Ark. Dec. 23, 2005).

Ultimately, there is no evidence to support Plaintiff's proposition that Rooker-Feldman does not apply to ADA claims. Nor is there any logical reasons why such claims would be excluded. The Supreme Court has never explained the doctrine's rationale as rooted in the substantive nature of the claims; rather, a district court simply has "no authority to review final judgments of a state court in judicial proceedings." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Accordingly, the fact that Plaintiff's claim is rooted in the ADA is not a defense to lack of subject matter jurisdiction under Rooker-Feldman.

B. The Final Judgment Rule

Plaintiff argues that the judgment against him on the grounds he seeks to appeal was not final at the time his complaint was filed. His complaint was filed in this Court in September, 2008; his last state appeal finished in December, 2008. Further, he has a "pending motion to stay with the Arizona Supreme Court and a pending petition on the costs regarding the discipline matters."

The Supreme Court has stated that Rooker-Feldman comes into play only in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284. In Exxon, however, the Supreme Court focused on the issue of parallel state and federal litigation, writing that the plaintiff in question had not "repaired to federal court to undo the Delaware judgment in its favor," and rather filed suit in federal district court well before any judgment "to protect itself in the event it lost in state court on grounds (such as the statute of limitations) that might not preclude relief in the federal venue." Id. at 293. Considering this decision, the Tenth Circuit has held that an action filed while the plaintiff's petition for certiorari to the New Mexico Supreme Court was pending was not final and was not barred by Rooker-Feldman. Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1032 (10th Cir. 2006). It is this case Plaintiff relies on to argue that the state court proceedings in question also were not final.[2]

However, Defendants argue that the Guttman decision is a misreading of Exxon. Other courts, too, have departed from its approach. The First Circuit, for instance, has held

---

[2] It should be noted the Ninth Circuit cited approvingly to the Guttman decision in Mothershed v. Justices of the Supreme Court, No. 03-16878, 2005 U.S. App. Lexis 14804 (9th Cir. 2005). In a footnote, the court noted that "[h]ere, state court proceedings ended for Rooker-Feldman purposes when the Oklahoma Supreme Court denied Mothershed's request that it issue a writ of mandamus halting the Oklahoma bar disciplinary proceedings against him." Id. at *10, n. 3. In Mothershed, the finality of the state court proceedings in question was not a serious issue and was addressed by the Ninth Circuit summarily and only in a footnote. This Court feels that such a cursory citation cannot be taken as an indication that the Ninth Circuit intended to adopt Guttman's reasoning in its entirety.

- 5 -

that where "state court litigation is sufficiently final for Supreme Court review, then it is sufficiently final for purposes of the Rooker-Feldman doctrine." Federaction de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 26 (1st Cir. 2005). At least two other federal district courts, meanwhile, have found that "the state court proceeding that must reach judgment before a federal complaint is filed for Rooker-Feldman to be applicable is the appealable trial court's judgment." Field Auto City v. General Motors Corp., 476 F. Supp. 2d 545, 553 (E.D. Va. 2007) (quoting Sinclair v. Bankers Trust Company of California, No. cv-05-072, 2005 U.S. Dist. Lexis 35590 at *8). That court, explaining its decision, wrote:

> Simply put, there is no sound reason to preclude the operation of *Rooker-Feldman* where a state trial court has rendered judgment, but state appeals are not yet complete when the federal action is filed. And, the soundness of this view is especially apparent in cases where, as here, the disposition of an appeal becomes final shortly after the federal action is filed. In sum, a federal suit is no less an appeal for the state trial court judgment simply because state appeals are not yet final. And, the purpose and function of *Rooker-Feldman* are no less implicated and important in cases where the state appeal becomes final before or after the federal suit is filed.

Id. at 552-53.

This approach is eminently sensible and seems to be most in line with the Exxon decision. The Rooker-Feldman doctrine exists to preclude Plaintiffs from attempting to overturn state court decisions in federal district courts when they are properly reviewed only in the United States Supreme Court. Where, as here, Plaintiffs suit asks for no relief other than to overturn a state court decision, to allow federal court review simply because his complaint was filed a couple of months shy of technical "finality" would frustrate the purpose of the doctrine, allowing federal district court review where the precise same suit filed – in some cases – mere hours later would be invalid. Further, this case is clearly distinguishable from Exxon in that Plaintiff is literally suing state judicial entities to force them to overturn and reconsider their decisions. He is not, as in Exxon, attempting to protect himself in case he loses on state grounds that would not preclude relief in federal court.

It is also worth noting that if Plaintiff sought to interfere with *pending* state judicial proceedings, the Court might very well be required to abstain under the doctrine of *Younger*

- 6 -

abstention. See, Younger v. Harris, 401 U.S. 37 (1971); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (2007). An interpretation of Exxon that would require this Court to abstain from review while state proceedings are ongoing, and deprive it of jurisdiction if the complaint is filed after all appeals have finished, but would allow review if the complaint is filed while the proceedings are ongoing and the actual litigation of the case occurs after their end, is manifestly nonsensical. Accordingly, the state court proceedings at issue are final for purposes of the *Rooker-Feldman* doctrine.

### C. Opportunity to Present Federal Claims

Finally, Plaintiff argues that he did not have the opportunity to have his federal claim heard in the state court proceedings. As an initial matter, there is no due process or bad faith exception to the Rooker-Feldman doctrine. See, e.g., Snider v. City of Excelsior Springs, 154 F.3d 809 (8th Cir. 1998); Musselwhite v. State Bar of Texas, 32 F.3d 942, 947-48 (5th Cir. 1994). Generally, Rooker-Feldman will act as a bar to jurisdiction unless "there was literally no effective opportunity to present the federal question to the state court." C.A. Wright, et al., Federal Practice and Procedure § 4469.1 (2004).

Here, Plaintiff's Amended Complaint makes it clear that Plaintiff's federal claims were raised in the state proceedings. For instance, he alleges that:

> The Disciplinary Commossion ("DC") failed to recognize the ADA, Vinson v. Thomas, the Rehabilitation Act Sec. 504. Also, they indicated that if it did apply it did not apply becaue the late disclosure of harmless mold reports was dishonest and the ADA does not apply to dishonesty.

He continues that:

> Mitigation was allowed for disability but not for ADA disability of reasonable accommodations and, interactive process, and retroactive evaluation, but as a result overly harsh punishment was imposed.

The rest of Plaintiff's complaint details a long process in which he brought his ADA claims before the state court, writing, for instance:

> In September 2006, Judge Jones denied the Minute Entry denied. ADA accommodations and requested for more time due to the failure to connect the problems to the late disclosure of the harmless mold reports.

[sic]. Following this, Plaintiff presented a great deal of evidence regarding his medical conditions. He then notes that the state appellate court "denied Plaintiff's appeal because of the defective notice and ignored the ADA request regarding Dr. Nicholls in January 2007 ADA requested to the ADA administrator at the Maricopa County Court."

Thus, from the face of the complaint it is clear that Plaintiff repeatedly brought his federal claims concerning the ADA in state court. It is not clear from the face of the complaint whether Plaintiff brought his due process and equal protection claims in state court. However, there is no indication that he was not able to and such arguments are allowed in state appeals.

Accordingly, Rooker-Feldman acts as a bar to federal court jurisdiction against the Judicial Defendants.

## SUBJECT MATTER JURISDICTION AND OTHER DEFENDANTS

Because subject matter jurisdiction is an issue that district courts must address *sua sponte*, Fed. R. Civ. P. 12(h)(3), this Court must also consider whether Rooker-Feldman bars suit against the non-judicial defendants, namely the State Bar of Arizona and three of its employees. It must also determine whether the Court has subject matter jurisdiction against the defendants in the action with which this case was consolidated, 2:09-CV-00112-FJM (hereinafter the "Consolidated Action").

The case against the Judicial Defendants in the Consolidated Action is precisely the same as that discussed above. Plummer seeks injunctive relief to overturn an adverse state decision against him. For the reasons stated above, this is barred by the *Rooker-Feldman* doctrine and this Court does not have jurisdiction over Plaintiff's claims for declaratory and injunctive relief against the Maricopa County Superior Court, Peter Swann, and Michael J. Brown.

Similarly any suit for injunction against the State Bar of Arizona and its employees must be dismissed. Where a state proceeding is judicial in nature – i.e., it "investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist" – it may fall under *Rooker-Feldman.* <u>Feldman</u>, 460 U.S at 477,

1  482. The Arizona State Bar disciplinary proceedings, which applied Plaintiff's conduct to
2  pre-existing disciplinary rules are explicitly judicial.  Further, the Arizona State Bar is a
3  creation of the Arizona Supreme Court and exercises its duties pursuant to rules promulgated
4  by that Court.  See Scheehle v. Justices of the Sup. Ct. of the State of Ariz., 120 P.3d 1092,
5  1100 (Ariz. 2005) ("By virtue of our constitutional power over attorneys as officers of the
6  court, this Court created the State Bar of Arizona."); Bates v. State Bar of Ariz., 433 U.S.
7  350, 361 (1977) ("Although the State Bar plays a part in the enforcement of the [Arizona
8  Disciplinary Rules], its role is completely defined by the [Arizona Supreme Court]; the
9  appellee acts as the agent of the court under its continuous supervision."); Mellema v. Ariz.
10 State Bar, No. CV-08-0967, 2009 U.S. Dist. Lexis 48164, *3-4 (D. Ariz. 2009).

Given this and the fact that Plaintiff appears to be asking for a temporary restraining order and, ultimately, a permanent injunction to overturn the State Bar's disciplinary decisions, it is clear that *Rooker-Feldman* bars his suit.  It is further clear that this Court does not have jurisdiction to hear Plaintiff's request for a Temporary Restraining Order.  Plaintiff's Motion for Declaratory Relief and his Motion to Bifurcate are likewise in violation of the *Rooker-Feldman* doctrine.

Accordingly,

**IT IS ORDERED** the Judicial Defendant's Motion to Dismiss (Doc. 19) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claims for injunctive and declaratory relief against the Judicial Defendants are dismissed.

**FURTHER ORDERED** Plaintiff's Motions for Temporary Restraining Orders (Doc. 100, Doc. 112 in cv-08-1630; Doc. 39 in former cv-09-112) are **DENIED**.

**FURTHER ORDERED** Plaintiff's Motions for Declaratory Relief (Doc. 38, Doc. 110) is **DENIED**.

**FURTHER ORDERED** Plaintiff's Motion to Bifurcate (Doc. 43) is **DENIED**.

**FURTHER ORDERED** Plaintiff's suit for declaratory and injunctive relief is dismissed as to each Defendant.

**FURTHER ORDERED** the TRO hearing set for July 31, 2009 at 9:00 A.M. is **VACATED**.

DATED this 23rd day of July, 2009.

_____
Roslyn O. Silver
United States District Judge